IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN SAUERWINE, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THERESA DELBALSO, et al., | : | NO. 14-6254 |
| Respondents. | : | |

ORDER

AND NOW, this 31st day of December 2015, upon careful and independent consideration of Petitioner Brian Sauerwine's petition for a writ of habeas corpus, the response to the petition and appended exhibits, Petitioner's correspondence and other statements submitted to the Court and docketed, and available state court records, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, Petitioner's objections thereto and nunc pro tunc brief in support of his objections, it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation are OVERRULED.

   When reviewing a Report and Recommendation ("R&R") to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The magistrate judge found, and the Court agrees, that Petitioner's habeas application is barred by the statute of limitations. See R&R 6-12. Petitioner's initial objections to the R&R (Doc. No. 23) and his nunc pro tunc brief in support of his objections (Doc. No. 27), do not contest that his claims are time-barred. Instead, Petitioner argues he is actually innocent, which would excuse him from complying with the statute of limitations, 28 U.S.C. § 2244(d). See e.g., McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). Therefore, the Court will only consider his objections which relate to his actual innocence, as all others are barred from consideration unless he makes the threshold showing of actual innocence.

        To establish actual innocence, "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 328-29 (1995)) (internal quotation marks omitted). Generally, to be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. Petitioner's own testimony, without more, is not sufficient. See <u>Hubbard v. Pinchak</u>, 378 F.3d 333, 341 (3d Cir. 2004) ("To allow [petitioner's] own testimony that he proffers (supported by no new evidence) to open the gateway to federal review of claims that have been procedurally defaulted under state law would set the bar for 'actual innocence' claimants so low that virtually every such claimant would pass through it.").

        Petitioner presents no new, reliable evidence of actual innocence. Petitioner's nunc pro brief, and all of his filings on the record, solely put forth his unverified claims of innocence. The only pieces of evidence outside of his own account that he presents are two letters from his mother and father. Doc. No. 16-2 at 5-10. As the magistrate judge found, these letters only show familial concern and do not constitute evidence of his actual innocence. R&R 13 n.17. A review of the record in the case does not reveal any further evidence that would support Petitioner's claim. Therefore, Petitioner has failed to make a plausible showing of actual innocence and the Court will not consider his remaining objections or habeas petition on the merits.

2.    Petitioner's request for the appointment of counsel is DENIED.

2.    The Report and Recommendation is APPROVED and ADOPTED.

3.    The petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.

4.    A certificate of appealability SHALL NOT issue, in that the Petitioner has not demonstrated that reasonable jurists would find the correctness of the procedural aspects of this ruling debatable. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

5.    The Clerk of Court is directed to close this matter for statistical purposes.

                                        BY THE COURT:

                                        /s/ Legrome D. Davis

                                        Legrome D. Davis, J.